[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties are both natives of India. Plaintiff is a United States citizen and the defendant is a citizen of India.
The defendant was thirty-seven and the plaintiff was forty-four at the time of their marriage in Calcutta, India, on CT Page 11396 January 19, 1997. The Court has the requisite jurisdiction. No children have been born to the defendant since the date of their marriage. The plaintiff sought an annulment of their marriage or, in the alternative, a dissolution of the marriage. The initial complaint is in three counts: the first count seeking annulment based on 46b-40 of the Connecticut General Statutes; the second count for annulment pursuant to the Hindu Marriage Act of 1955 and the common law of India; and the third count being the standard dissolution count. In essence, what the plaintiff claims is that his consent to the marriage was obtained by fraud in that prior to the marriage of the parties, the defendant represented to him that she could bear children and that shortly after the marriage he found that representation to be untrue. By the defendant's own admission, the marriage was at best of eighteen days duration.
The defendant, on September 27, 1999, filed a cross complaint and, for the purposes of this proceeding, sought a dissolution of the marriage, restoration of' her birth name, alimony and an equitable division of the parties' property. She seeks a lump sum of $65,000 in order to assist her m defraying the costs of attorney fees for her various legal proceedings relating to her marriage to the plaintiff. She also wants attorney fees with respect to proceedings with the Immigration and Naturalization Service. She also seeks alimony of $400 per week for a period of three years and the return of certain jewelry.
The defendant claims that she can conceive. She testified she went to see a gynecologist who gave her hormonal medication. Her doctor told her that when she would have sex in marriage, this would increase her hormonal output and this could lead to procreation. She said she told the plaintiff if she could not conceive they could adopt a child. Adoption would be the worst case scenario for the plaintiff. A prenuptial agreement was presented to her by the plaintiff. She was not represented and based on the legal criteria and to enforce a prenuptial agreement it would not pass muster.
At the time of trial, the plaintiff abandoned his claim for annulment and proceeded with the standard dissolution count.
In making its determination as to alimony, property awards, and attorney fees, the Court must consider and apply the statutory criteria m Connecticut General Statutes §§ 46b-81,46b-82 and 46b-62(c). The Court has carefully considered all of CT Page 11397 the statutory criteria. The marriage was arranged and of eighteen days duration. After the marriage, plaintiff found out that his wife was unable to fulfill one of the major criteria of the marriage, procreation. After sorting out all of the testimony, the Court finds the plaintiff did not get what he bargained for. The defendant, since moving to the United States, has enhanced her earning capacity. She has a "green card" as a result of her marriage. Her claims for attorney fees incurred are speculative at best. Although the plaintiff vacillated after the wedding when he had come back to the United States, the evidence is clear that as early as June, 1997, he told her not to come to the United States. He had sought advice from his brother an OB-GYN specialist in making his determination to terminate the marriage.
 ORDERS
1. The marriage is dissolved on the grounds of irretrievable breakdown.
2. Each party shall be responsible for their respective attorney fees and costs of litigation.
3. Defendant shall keep any and all personal property she may have as a result of the marriage, and plaintiff shall likewise retain any and all property received as a result of this very short union.
4. Defendant's maiden name is ordered restored.
Owens, J.